

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

BILLY LYNN MATHENY,                                                     PLAINTIFF

v.                                              CIVIL ACTION NO. 2:12cv75 KS-MTP

CITY OF HATTIESBURG, and                                                DEFENDANTS
HATTIESBURG CONVENTION
COMMISSION, and HATTIESBURG
TOURISM COMMISSION

Jury Trial Requested

COMES NOW Mr. Billy Lynn Matheny, by and through attorney K. Douglas Lee of Lee Law Firm LLC, who brings this action against the Defendants named herein, as follows:

1.

Named herein as Plaintiff is Billy Lynn Matheny, a resident of Purvis, Mississippi. Relief is sought under a federal statute, 42 U.S.C. §12101 et. seq., and thus the jurisdiction of this Court is based on a federal question pursuant to 28 U.S.C. 1331.

2.

Named herein as a defendant is the City of Hattiesburg, a municipal corporation organized under the laws of the State of Mississippi, which can be served with process of this Court by service upon the City Clerk or the Mayor of Hattiesburg by service at their physical address or by mailing the complaint summons and acknowledgment to Post Office Box 1898, Hattiesburg, Mississippi 39403.

Also named herein as a defendant is Hattiesburg Convention Commission, a commission organized under the laws of the State of Mississippi, which can be served with process of this Court by service upon the Chairman of this commission at One Convention Center Plaza, Hattiesburg, Mississippi 39401.

Also named herein as a defendant is Hattiesburg Tourism Commission, a commission organized under the laws of the State of Mississippi, which can be served with process of this Court by service upon the Chairman of this commission at One Convention Center Plaza, Hattiesburg, Mississippi 39401.

As used hereinafter, the term "Defendants" shall refer to the City of Hattiesburg and the Hattiesburg Convention Commission and the Hattiesburg Tourism Commission, collectively. Plaintiff specifically alleges that all three Defendants are responsible for the dangerous condition that injured him, and have violated the Americans with Disabilities Act and the ADAAG as described herein.

3.

The incident complained of herein occurred in Kamper Park in the City of Hattiesburg, Mississippi on a ramp leading to/from a pavilion. Kamper Park, including the pavilion, ramp and handrail in question are owned by the City of Hattiesburg. Pursuant to a contract between the Defendants, the Hattiesburg Convention Commission and the Hattiesburg Tourism Commission are responsible for the operational management as well as overall management and development of the Hattiesburg Zoo, specifically including "the carrousel and adjacent building, as well as Kamper Park Pavilion." The term of this contract is from November 1, 2009 until September 30, 2013.

4.

Billy Lynn Matheny suffers from Spinal Muscular Atrophy (SMA), and has never been able to walk, and has thus been confined to a wheelchair virtually all of his life. On the date of the incident, Mr. Matheny was in his wheelchair and was proceeding down the ramp that leads to/from the Kamper Park Pavilion. He turned left near the bottom of the ramp in the area where the left-side handrail had ended, but before the area where the ramp had ended. This area is depicted in the following photograph:



The ramp is still at least seven inches high where the handrail ends. Mr. Matheny was unable to see or appreciate the danger posed by the ramp and handrail as he approached. Mr. Matheny's wheelchair was not able to successfully roll over such a large drop; when Mr. Matheny exited the ramp to his left, he toppled over, and his wheelchair landed on top of him.

5.

Mr. Matheny's wheelchair sustained damage due to the fall, with repairs estimated to cost $2,894.67. Mr. Matheny was taken to Forrest General Hospital, where he was admitted for treatment on March 16, 2012, and released on the fifth day of his stay, March 20, 2012. Mr. Matheny sustained a left distal femur fracture, hip dislocation, scratches, bruises, injuries to his ribs and muscle strain. His injuries caused intense pain at the time of the accident, and are continuing to cause him pain today. Due to his injuries caused by the Defendants, Mr. Matheny has been and remains bedridden since the accident.

6.

On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. The ramp and the handrail pictured herein are subject to the requirements of the ADA.

7.

The ramp where Plaintiff was injured was built or modified more than a year after enactment of the ADA. After the enactment of the ADA and after the time that Title II of the ADA took effect and became binding, an older wooden handrail was in place, and it was later replaced by the metal handrail pictured herein, which does not extend the entire length of the ramp.

8.

The handrail and the ramp where Plaintiff was injured were modified in 2009 as part of a project for the construction, repair, renovation, replacement and improvement of buildings, facilities, exhibits and infrastructure at the Hattiesburg Zoo at Kamper Park in Hattiesburg, Mississippi.

9.

At all times pertinent hereto Plaintiff has suffered an injury cognizable under the Americans with Disabilities Act (ADA). Title II of the ADA makes it illegal for public entities such as the Defendants to exclude from participation, deny benefits, or discriminate against a qualified individual in its "services, programs, or activities." Defendants' provision of the public park and the sidewalks and ramps within that park constitute a "service, program, or activity" of a public entity, within meaning of Title II of the Americans with Disabilities Act of 1990, § 201 et seq., 42 U.S.C.A. § 12131 et seq.

10.

The construction and design of the ramp and handrails constitute a dangerous condition, and do not meet applicable safety requirements for handicapped people set forth in the

Americans with Disability Act and its implementing regulations, including but not limited to the ADAAG (Americans With Disabilities Accessibility Guidelines). Section 4.7.2 of the ADAAG mandates that "Transitions from ramps to walks, gutters, or streets shall be flush and free of abrupt changes." There was no such transition where Plaintiff exited the ramp and fell. The ADAAG also mandates detectable warnings (i.e., paint or some other reflective material) in section 4.7.7: "Detectable Warnings. A curb ramp shall have a detectable warning complying with 4.29.2. The detectable warning shall extend the full width and depth of the curb ramp." Clearly, no paint had ever touched the ramp at the time that Plaintiff fell, even though it is apparent that the area in which he fell has been constructed or modified much more recently than the area of the ramp surrounding by a (wobbly) handrail. Moreover, section 4.8.5 provides that if a ramp "has a rise greater than 6 in (150 mm) or a horizontal projection greater than 72 in (1830 mm), then it shall have handrails on both sides" and shall have the following features: (1) "Handrails shall be provided along both sides of ramp segments," and (2) "If handrails are not continuous, they shall extend at least 12 in (305 mm) beyond the top and bottom of the ramp segment and shall be parallel with the floor or ground surface (see Fig. 17)." Each of the examples of edge protection and handrail extensions in figure 17 of section 4.8.5 shows handrails that extend for the entire length of the ramp. Clearly, the handrail in question did not meet these and other requirements of the ADA and the ADAAG.

11.

Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated to Plaintiff, by denying access to, and full and equal enjoyment of a "service, program, or activity" of a public entity, within meaning of Title II of the Americans with Disabilities Act (ADA), § 201 et seq., 42 U.S.C.A. § 12131 et seq. Furthermore, Defendants have caused actual physical injury to Plaintiff in derogation of the ADA as set forth above.

12.

The ADA is intended both to prevent discrimination against disabled persons and to guard against physical injury to them. The specific physical injury sustained by Plaintiff was a predictable result of the poor design and construction of the ramp and handrails at Kamper Park. For example, a publication by the U.S. Department of Justice Civil Rights Division, Disability Rights Section entitled "Common ADA Errors and Omissions in New Construction and Alterations" shows the specific risks of injury for various violations of ADAAG standards, stating "Lack of edge protection may result in injury if a wheelchair user rolls off the side of the route." Clearly, the danger to Plaintiff and others similarly situated to Plaintiff should have been recognized by Defendants and corrected prior to Plaintiff's injury; Defendants had actual or constructive knowledge of the dangerous condition that caused injury to Plaintiff.

13.

Defendants had actual notice of Plaintiff's injury on the day that the injury occurred. For example, the dangerous condition of the ramp and the fact that the handrails did not extend the full length of the ramp were specifically reported to a security guard working for the Hattiesburg Convention Commission on the day of the incident by Plaintiff's caregivers, who witnessed the accident. There has been other notice to Defendants as well, including discussions by Plaintiff's father soon after the incident with Defendants' insurance company. Although Defendants have been given actual notice of Plaintiff's physical injury, and actual notice that the ramp and handrail at issue caused his physical injury, Defendants have not repaired or corrected the dangerous condition. Defendants are therefore continuing to violate the ADA as set forth above.

14.

Plaintiff seeks declaratory and injunctive relief, including (1) a declaration that Defendants' actions and inactions violate the ADA; (2) an injunction ordering the Defendants to repair the ramp and handrail leading to/from the pavilion and brining it in full compliance with

the ADA and ADAAG as well as any other applicable state or local safety standards; (3) an award of a reasonable attorney's fee, including litigation expenses, and costs pursuant to 42 U.S.C. § 12205 and any other applicable source of law, (4) such additional relief as the Court may deem just, proper and equitable.

15.

PENDENT/SUPPLEMENTAL JURISDICTION

A "notice of claim" pursuant to the Mississippi Tort Claims Act has been filed with the Defendants, making a claim for the property damage and personal injuries complained of herein. This Court has pendent and supplemental jurisdiction over Plaintiff's state-law tort claims. The state and federal claims given notice of herein derive from a "common nucleus of operative fact," and the claims are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. Moreover, the property damage and personal injury claims tort that Plaintiff has made are so related to the federal claims in the instant action that they form part of the same case or controversy under Article III of the United States Constitution. It would constitute a waste of judicial resources and create an unjust burden on Plaintiff for the Court to decline pendent/supplemental jurisdiction over the state-law claims.

16.

Plaintiff further seeks all damages to which he is entitled at law, including an award for all property damage, past and future medical expenses, past and future pain and suffering, and all other special and compensatory damages that might be awarded in this action under statute or common law.

17.

WHEREFORE, Plaintiff Billy Lynn Matheny prays that a trial by jury be had on all issues and that judgment be entered against the Defendants in a reasonable amount to be determined at trial.

Dated Wednesday, May 9, 2012 A.D.

```
                LEE LAW FIRM, LLC


         BY:    _____
                K. Douglas Lee, MS Bar No. 9887
                124 Walnut Circle, Ste. 6
                Hattiesburg, MS 3940
                Telephone: (601) 583-4447
                Facsimile: (601) 450-0152
                Email: kdl@leelaw.us
                ATTORNEY FOR PLAINTIFF
```